CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

NOV 29 2016

JULIA C. DUDLEY, CLERK
BY: /s/ J. Clutt
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA :
:
v. : Case No. 1:16CR41
:
RICHARD HENRY KAYIAN :
   "Pops" :
BRANDON LEE STONE :
   "Stoney" : Violations: 18 U.S.C. § 1956
STEPHEN ANTHONY CINO, JR. :           21 U.S.C. §§ 841, 843, 846
MISAEL REYES-TAJIMAROA :
   "MISAEL TAJIMAROA-ANDRADE": 
KEVIN THOMAS SEIGLER :
TRACY ALLEN CALLIHAN :
GARY ALLEN GINN :
JOHN E. WILLIAMS :
KAITLYNN ELIZABETH CHAPMAN :
BRADLEY ALLEN CHAPMAN :
ALEX MICHAEL KAYIAN :
JOHN DEWAYNE FARMER :
LOLA VIRGINIA FARMER :
   "Jenny" :
REBECCA LYNN WILLIAMS :
SHAUNA NICOLE CHAFIN :
AUSTIN OBRANOVIC BOARDWINE :
CALEB NEWMAN DEAN :
RALPH STEWART DINGUS :
WILLIAM WESLEY FLEENOR :
JEFFREY NATHANIEL GOBBLE :
PRESTON KYLE LAWSON :
HEATHER MICHELLE SULLINS :

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

1. On or about and between January 1, 2012, and November 9, 2016, in the Western District of Virginia and elsewhere, RICHARD HENRY KAYIAN, BRANDON LEE STONE,

STEPHEN ANTHONY CINO, JR., MISAEL REYES-TAJIMAROA, KEVIN THOMAS SEIGLER, TRACY ALLEN CALLIHAN, GARY ALLEN GINN, JOHN E. WILLIAMS, KAITLYNN ELIZABETH CHAPMAN, BRADLEY ALLEN CHAPMAN, ALEX MICHAEL KAYIAN, JOHN DEWAYNE FARMER, LOLA VIRGINIA FARMER, REBECCA LYNN WILLIAMS, SHAUNA NICOLE CHAFIN, AUSTIN OBRANOVIC BOARDWINE, GARY BRANDON CHILDRESS, CALEB NEWMAN DEAN, RALPH STEWART DINGUS, WILLIAM WESLEY FLEENOR, JEFFREY NATHANIEL GOBBLE, PRESTON KYLE LAWSON, and HEATHER MICHELLE SULLINS, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury:

    a) to manufacture, distribute, and possess with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, and oxycodone, Schedule II controlled substances, buprenorphine, a Schedule III controlled substance in violation of Title 21, United States Code, Section 841; and

    b) to knowingly and intentionally use any communication facility in committing and causing the facilitation of any felony controlled substance offense under Title 21, in violation of Title 21, United States Code, Section 843(b).

2. As to RICHARD HENRY KAYIAN, BRANDON LEE STONE, STEPHEN ANTHONY CINO, JR., MISAEL REYES-TAJIMAROA, KEVIN THOMAS SEIGLER, and TRACY ALLEN CALLIHAN, one of the objects of the conspiracy was to distribute and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers.

Page 2 of 6
USAO#
Case 1:16-cr-00041-JPJ-PMS   Document 24   Filed 11/29/16   Page 2 of 6   Pageid#: 380

3. All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A) and 841(b)(1)(C), 841(b)(1)(E) and 843(d).

## COUNT TWO

The Grand Jury charges that:

1. On or about and between October 1, 2012, and November 9, 2016, in the Western District of Virginia and elsewhere, STEPHEN ANTHONY CINO, JR., TRACY ALLEN CALLIHAN, BRANDON LEE STONE, MISAEL REYES-TAJIMAROA, RICHARD HENRY KAYIAN, KAITLYN ELIZABETH CHAPMAN, JOHN DEWAYNE FARMER, BRADLEY ALLEN CHAPMAN, and ALEX MICHAEL KAYIAN, knowingly combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury to:

   a) knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving the proceeds of a specified unlawful activity, namely, the distribution of oxycodone and methamphetamine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841; and conspiracy to distribute oxycodone and methamphetamine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846; with the intent to promote the carrying on of specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

USAO#
Case 1:16-cr-00041-JPJ-PMS   Document 24   Filed 11/29/16   Page 3 of 6   Pageid#: 738

b) knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce involving the proceeds of specified unlawful activity, namely, the distribution of oxycodone and methamphetamine, Schedule II controlled substances, and buprenorphine a scheduled III controlled substance, in violation of Title 21, United States Code, Section 841; and conspiracy to distribute oxycodone and methamphetamine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 846, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

2. All in violation of Title 18, United States Code, Section 1956(h).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendants shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

2. The property to be forfeited to the United States includes but is not limited to the

following property:

a. **Money Judgment**

Not less than $1,000,000.000 and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

b. **United States Currency**

(1) $19,669.00
(2) $4,435.00

c. **Real Property**

(1) 114 Highland Ave, Glade Spring, VA 24340
   Tax Map # 186A23
   Instrument #110003108

All that certain lot or parcel of land known and designated as Lot No. 4 on a plat of the Carrie Ratcliff Estate located at 114 Highland Avenue, Glade Spring, Virginia in Washington County, Virginia. Deed recorded in Washington County Clerk's Office in Deed Book 757, Page 201.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p), including but not limited to above property.

A TRUE BILL, this  29  day of November, 2016.

s/Grand Jury Foreperson

*John P. Fishwick, Jr./AKR*
JOHN P. FISHWICK, JR.
United States Attorney